IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARK HAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 309-061 |
| | ) |
| STATE OF GEORGIA, et al., through | ) |
| Dep't of Corrections, and BRIAN OWENS, | ) |
| Corrections Commissioner, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs in part with the Magistrate Judge's Report and Recommendation, to which objections have been filed. While the majority of Plaintiff's objections are without merit, his objection regarding an alleged Georgia Department of Corrections ("GDOC") policy warrants further discussion.

In his complaint, Plaintiff made multiple allegations of deliberate indifference to his serious medical needs by prison officials at various prisons at which he has been incarcerated. (See generally doc. no. 1). Notably, Plaintiff described events that allegedly occurred at Baldwin State Prison ("BSP") in Hardwick, Georgia (located in the Middle District of Georgia), events that allegedly occurred at Appling State Prison ("ASP") in Waycross, Georgia (located in the Waycross Division of this District), and events that allegedly occurred at Dodge State Prison ("DSP") in Chester, Georgia (located in this District

and Division). (See id.).¹ The Magistrate Judge found that Plaintiff's BSP and ASP claims bore no "logical relationship" to his claims arising from his incarceration at DSP and accordingly recommended that his BSP and ASP claims be dismissed without prejudice, with leave to re-file in the appropriate District and/or Division. (Doc. no. 9, pp. 3-6). As Plaintiff had not identified by name any individuals who participated in any of the alleged constitutional violations regarding the events that purportedly occurred at DSP, the Magistrate Judge further recommended that Plaintiff be given the opportunity to amend his complaint as to his DSP claims only. (Id. at 6-7).

Plaintiff has objected to the Report and Recommendation, contending that the events giving rise to his claims at BSP, ASP, and DSP do bear a logical relationship to each other. Specifically, Plaintiff argues that the events giving rise to his complaint are a "series of negligent acts" and that he wishes to challenge the GDOC policy that allegedly permitted him to be transferred from one prison to another but failed to transmit his medical records and work assignment history along with him to each prison where he was transferred. (See doc. no. 14, pp. 2, 7-8). Plaintiff further contends that these alleged administrative errors have had serious effects on his health. (See id. at 8). As summarized by Plaintiff, this "action addresses []Dep't of Corrections policy[] through Corrections top executive Brian Owens, and other persons . . . [who] applied Corrections policy through a branch of state government . . . ." (Id. at 7).

---

¹In his objections, Plaintiff clarifies that his first two years of imprisonment were spent at Georgia Diagnostic and Classification State Prison. (Doc. no. 14, pp. 1-2).

Plaintiff has also informed the Court in his objections that he has "no complaint[s] regarding doctors and medical staff at any prison," except for two individuals at ASP. (Doc. no. 14, p. 8). Plaintiff specifically states that with respect to the medical treatment he has received at DSP, the "medical staff and administrators have performed well," and the "medical personnel" have been "excellent." (Id. at 9). He goes on to state that the medical staff at DSP have addressed his "medical situation" and that his health has stabilized since being incarcerated there. (Id.). Plaintiff further states that he does not wish to amend his complaint regarding his DSP claims. (Id. at 10).

Thus, while Plaintiff has stated that he does not desire to amend his complaint regarding his DSP claims, the Court construes Plaintiff's objections regarding the alleged GDOC policy as an attempt to amend his complaint. However, the preferred method for amending a complaint is to include all allegations in one document. Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). Plaintiff has not provided the Court with enough factual information regarding this alleged policy to determine if Plaintiff has arguably stated a viable claim for relief. For example, it is unclear which individuals Plaintiff seeks to sue with respect to this claim, as Plaintiff simply mentions Defendant Owens as the "top executive" and "other persons" who allegedly applied the policy. (Id. at 7). Thus, Plaintiff is directed to file an amended complaint, to address only those allegations regarding the GDOC policy and to identify the defendants associated with those allegations, in one document, within fifteen (15) days of the date of this Order. Plaintiff's amended complaint should be filed in

accordance with the following instructions.[2]

The amended complaint shall supersede and replace in its entirety the previous complaint filed by Plaintiff. Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). It must be printed legibly or typed so that the Court may discern Plaintiff's claims. <u>It must contain a caption that clearly identifies, by name, each party that Plaintiff is suing in the present lawsuit</u>. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in Plaintiff's amended complaint should include information such as: (i) <u>the alleged act of misconduct</u>; (ii) the date on which such misconduct occurred; (iii) <u>the names of each and every individual who participated in such misconduct</u>; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[3] <u>Thus, Plaintiff must name the individuals and/or entities whom he seeks to include as defendants herein in both the caption and the body of his amended complaint</u>; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to his

---

[1]The **CLERK** is **DIRECTED** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia to Plaintiff's service copy of this Order.

[3]For example, Plaintiff should not simply state, "See attached documents."

4

lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. <u>Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order the claims concerning the GDOC policy that he wishes the Court to consider as a basis for awarding the relief sought</u>.

Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint. If no amended complaint is submitted within fifteen (15) days from the date of this Order, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action, without prejudice.

All other objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court, as modified herein. Therefore, Plaintiff's BSP and ASP claims are **DISMISSED** without prejudice, with leave to re-file in the appropriate venue.

SO ORDERED this 7th day of December, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

5